# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 19-211 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JUAN GUZMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's Motion (Doc. 26) to suppress evidence, resulting from his traffic stop on July 8, 2018, will be denied.

The undisputed evidence reveals that Trooper Del Sordo ("the Trooper"), the State Police generally and PennDOT all believed that Defendant's alleged conduct − failing to shift lanes when passing a PennDOT maintenance vehicle with flashing-lights activated − violated 75 Pa. Cons. Stat. 3327. *See generally* Hrn'g Tr. (Doc. 32) at 12-15. Section 3327, read in conjunction with the definitional provisions in Section 102 of Title 75, hardly presents a picture of statutory-clarity. *See* § 102 ("Emergency service responder[s]" include "[h]ighway maintenance and construction personnel").

The Court need not decide whether the Trooper made a mistake of law in applying Section 3327, however, pursuant to the Court of Appeals for the Third Circuit's decision in U.S. v. Delfin-Colina, 464 F.3d 392 (3d Cir. 2006). Thereunder, a mistake of law is not unreasonable so long as the officer "provide[s] specific, articulable facts that support an objective determination of whether any officer could have possessed reasonable suspicion of the [identified] infraction." *Id.* at 399-400.

At the Hearing, the undisputed evidence established that: a PennDOT vehicle was on the side of the road; with flashing lights engaged; Defendant failed to switch lanes; and, at the speeds the Trooper (65 to 70 mph) and Defendant were traveling, it would be difficult, if not impossible, to definitively ascertain whether the circumstances qualified as an "emergency response area" under Sections 3327 and 102. Based on "the totality of the circumstances – the whole picture," Delfin-Colina at 397, an officer in the Trooper's position would have reasonable suspicion to believe that the traffic-infraction was committed.

Even were Court to conclude otherwise, the Trooper also credibly testified that, before the presumed Section 3327 violation, he witnessed Defendant committing two *other* traffic violations, first, making an abrupt and unsafe lane change and, second, driving on the road's "fog line." *See* Tr. at 8-9. Defendant has offered no evidence in rebuttal, but instead discounts these infractions because they were not memorialized in the Trooper's written incident report. *See* Doc. 26-1.

Defendant has failed to identify legal authority establishing that the basis or bases for reasonable suspicion are limited to specific violation(s) listed in the police report. *See* Tr. at 17-18 (where the Trooper explained that he did not include the other violations in his written report because he believed the Section 3327 violation to be the "most serious [one]"). Absent such legal authority, the Trooper's omission of additional infractions, at best, might be viewed as bearing on his credibility. The Court, however, finds the Trooper's testimony to have been credible; it is undisputed; and Defendant has failed his burdens for the purposes of suppression. Thus, a denial of Defendant's Motion is warranted on this entirely independent ground.

For all of these reasons, Defendant's Motion to Suppress (**Doc. 26**) is **DENIED**. Assuming Defendant is prepared to proceed to a jury-trial, that cannot presently be undertaken given the Covid-19 pandemic.  This discussion may be premature, however, because Defendant's counsel indicated, at the close of the Hearing, that he would need to consult with his client before determining how to proceed.  Under the circumstances, Defendant's counsel shall confer with his client and, by **February 16, 2021**, shall file a status report regarding his intentions moving forward.[1]

      IT IS SO ORDERED.

January 14, 2021                                                                s\Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Although a bench trial via videoconference may be an option, Defendant would have to make a knowing, intelligent and voluntary waiver of his right to a trial by jury, confirmed by colloquy in a Court hearing.